BYRNES, Judge,
concurring.
I agree with the result reached by the majority, but for different reasons and note that Michaleski v. Western Preferred Casualty, Co., 472 So.2d 18 (La.1985), does not stand for the proposition that the issue of whether a party is in the course and scope of his employment is always inappropriate for disposition by summary judgment and should be referred to trial on the merits. Michaleski, is really a case where the undisputed facts were inadequate to establish that the mover was entitled to summary judgment as a matter of law. It states no general rule regarding the appropriateness of summary judgment to this issue as a matter of law. I would not cite it for such a proposition. No doubt there are cases where the facts showing course and scope of employment are not only undisputed, but adequate to support judgment as a matter of law. In such cases, I see no barrier to the granting of summary judgment.
The present case could well have been such a situation if Copeland had been present at the deposition of Pascarelli and had the opportunity to cross-examine him. However, this did not occur. In order for testimony taken at a deposition to be admissible at trial, all parties should be given notice of the deposition in order to have the opportunity to cross-examine the deposed party. See La.C.C.P. Art. 1430; See also Silva v. Allen, 256 So.2d 447 (La.App. 4th Cir.1972). The opportunity to cross-examine allows the parties to adduce competent evidence. Without such an opportunity, the deposition would not qualify as competent evidence and cannot be used against the absent party. Id.
Since Copeland did not have the opportunity to cross-examine Pascarelli, Pascarel-li’s deposition was not competent evidence as to Copeland. Without Pascarelli’s deposition, the issue of course and scope was not established by evidence sufficient to entitle him to judgment as a matter of law. Under these circumstances, summary judgment was properly denied. Accordingly I respectfully concur.